WESTERN JOURNALISM CENTER,
et al., Plaintiffs,

v.

OFFICE OF THE INDEPENDENT
COUNSEL, Defendant.

Civil Action No. 95–02242.

United States District Court,
D. Columbia.

May 6, 1996.

Michael E. Geltner, Washington, DC, Robert M. Callagy, Satterlee, Stephens, Burke & Burke, New York City, for plaintiffs.

Alex M. Azar, II, U.S. Department of Justice, Office of Independent Counsel, Washington, DC, for defendant.

## MEMORANDUM OPINION

SPORKIN, District Judge.

This matter comes before the Court on the Independent Counsel's motion for summary judgment. Plaintiffs have brought this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiffs are seeking information which relates to the death of Vincent W. Foster, in the possession of the Office of the Independent Counsel ("OIC"). Plaintiffs claim that the information has been improperly withheld. In oral argument on this motion, the Court asked the parties to brief the issue of whether the FOIA was applicable to the OIC.

## FACTS

**Background**

Mr. Foster's body was discovered in a national park in July 1993. The circumstances surrounding his death were investigated by the United States Park Police. (Kubiatowski Dec. ¶ 13). On August 10, 1993, the Park Police announced its finding that Mr. Foster had committed suicide. (Id. ¶ 13) Following Mr. Foster's death, a torn-up note was discovered in his briefcase in the White House. The circumstances surrounding the discovery of the note were investigated by the Federal Bureau of Investigation ("FBI"). On August 10, 1993, the FBI announced its conclusion that no criminal activity had taken place in connection with the discovery of the note. (Id. at ¶ 14).

On January 20, 1994, Attorney General Janet Reno, pursuant to 28 C.F.R. §§ 600 and 603.1 appointed Robert B. Fiske Jr. to

serve as an Independent Counsel. Mr. Fiske investigated, among other things, the death of Mr. Foster and events that occurred following his death, including the handling of documents in Mr. Foster's office at the White House. (Id. at ¶ 16). Mr. Fiske issued a public report regarding the death of Mr. Foster in late June 1994. (Id. at ¶ 17).

In August 1994, the United States Court of Appeals for the District of Columbia Circuit, Division for the Purpose of Appointing Independent Counsels, appointed Kenneth W. Starr as Independent Counsel under the Ethics in Government Act of 1978, 28 U.S.C. §§ 591–599, as reauthorized by the Independent Counsel Reauthorization Act of 1994, Pub.L. No. 103–270, 108 Stat. 732.[1] Mr. Starr assumed jurisdiction over all matters and investigations previously within the control of Mr. Fiske. (Id. at ¶ 18). As part of his mandate, Mr. Starr renewed the investigation into the circumstance of Mr. Foster's death. Mr. Starr also continued the investigation into the events following the death of Mr. Foster which also had been the subject of active investigation by Mr. Fiske. (Id. ¶¶ 20–21).

### Plaintiffs' FOIA Request

By letter dated July 12, 1995, Plaintiffs requested certain files and physical evidence pertaining to the investigation of the death of Mr. Foster. Plaintiffs requested 20 different categories of information including autopsy photos, investigators' notes and access to Mr. Foster's shoes. (Def. Exhibit 1). By letter dated July 25, 1995, the Independent Counsel denied Plaintiffs' request pursuant to Exemptions 7(A), which exempts the release of investigatory records that would interfere with enforcement proceedings and 7(C), which exempts the release of investigatory records to the extent that release would constitute an unwarranted invasion of personal privacy and informed Plaintiffs of their right to appeal the denial (Def. Exhibit 2). On September, 22, 1995, the Independent Counsel denied Plaintiffs' appeal.

### SUMMARY JUDGMENT STANDARDS

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Mere allegations or denials of the adverse party's pleadings are not enough to prevent issuance of summary judgment. The adverse party's response to the summary judgment motion must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.Pro. 56(e).

The Supreme Court set forth the governing standards for issuance of summary judgment in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Celotex,* the Supreme Court recognized the vital need for summary judgment motions to the fair and efficient functioning of the justice system:

> Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Fed.Rule Civ.Proc. 1. . . .

> Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Id.* at 327, 106 S.Ct. at 2555 (citation omitted).

The moving party is entitled to summary judgment where "the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to

---

**1.** While as a practical matter Mr. Starr replaced Mr. Fiske in investigating the so-called Whitewater case, technically this was not so. This is because Mr. Fiske was never appointed pursuant

to statute. Rather, he was appointed by the Attorney General as regulatory Independent Counsel pursuant to 28 C.F.R. §§ 600 and 603.1.

which she has the burden of proof." *Celotex,* at 323, 106 S.Ct. at 2553. Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. See Local Rule 108(h).

In resolving the summary judgment motion, all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). The inferences, however, must be reasonable, and the non-moving party can only defeat a motion for summary judgment by responding with some factual showing to create a genuine issue of material fact. *Harding v. Gray,* 9 F.3d 150, 154 (D.C.Cir.1993). The non-movant has met its burden of showing that a dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party". *Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C.Cir.1987) *(per curiam )* (citing *Anderson, supra ).*

## ANALYSIS AND DECISION

### Adequacy of Search

It is well settled that an agency must make "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested" *Oglesby v. U.S. Department of the Army,* 920 F.2d 57, 68 (D.C.Cir.1990). Such a search must be "reasonably calculated to uncover all relevant documents," *Weisberg v. United States Dept. of Justice,* 705 F.2d 1344, 1351 (D.C.Cir. 1983). In this regard, the Independent Counsel has submitted a detailed and specific declaration explaining the search and identifying categories of documents that he has withheld and the exemptions that he has asserted. The Court finds that the Independent Counsel has made an adequate search in response to Plaintiffs' FOIA request.

### FOIA Exemption 7(A)

The Independent Counsel has asserted a blanket exemption as to the documents withheld under 5 U.S.C. § 552(b)(7)(A).

Exemption 7(A), exempts from mandatory disclosure:

"records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

■ Under the law, the Court must determine whether the information being sought was compiled for law enforcement purposes. In order for the records to have been compiled for law enforcement purposes, the investigative activities giving rise to the compilation of the records must be related to the enforcement of federal law and there must be a rational connection between the investigative activities and the agency's law enforcement duties. *See Pratt v. Webster,* 673 F.2d 408, 419–21 (D.C.Cir.1982).

■ The information that the Plaintiffs seek relates to the death of Mr. Foster and certain events that occurred following his death. The Independent Counsel has submitted a declaration stating that he is engaged in an active, ongoing criminal investigation regarding all aspects of the Foster death. (Kubiatowski Dec. ¶ 19–21). Plaintiffs state that notwithstanding the Independent Counsel's contention, the information they seek should be disclosed. First, Plaintiffs take the position that information obtained from sources such as the Park Police and the FBI are the results of completed investigations and are no longer ongoing. Second, the information pertaining to this discrete area of investigation represents a completed segment of the Independent Counsel's overall investigation and is no longer in need of protection.

It is well settled that documents obtained from law enforcement agencies compiled during an active investigation, are eligible for protection under Exemption 7. *See Gould Inc., v. GSA,* 688 F.Supp. 689 (D.D.C.1988). The materials obtained from the designated

investigative agencies have been made part of the Independent Counsel's overall continuing investigation and by definition have been compiled for law enforcement purposes. The original source of those documents is irrelevant. *See John Doe Agency v. John Doe Corp.,* 493 U.S. 146, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989).

With respect to the information sought by Plaintiffs, the Independent Counsel has determined that it is part of an ongoing investigation and that premature disclosure could reasonably be expected to interfere with his investigation. The Independent Counsel's declaration certainly satisfies Exemption 7(A) and the Independent Counsel "need not proceed on a document-by-document basis, detailing to the court the interference that would result from the disclosure of each of them." *See Bevis v. Department of State,* 801 F.2d 1386, 1389 (D.C.Cir.1986).

Plaintiffs' request falls into three general categories; 1) physical evidence, 2) witness statements, and 3) investigative reports (Kubiatowski Dec. ¶ 22). It is clear that the premature disclosure of such information could severely hamper the efforts of the Independent Counsel in its ongoing investigation. Witnesses with access to such information could easily alter, conform or construct their testimony depending upon the information disclosed. Disclosure of any evidence could contaminate the investigative process and limit law enforcement agents ability to assess the actual knowledge and credibility of future witnesses. *See Dickerson v. Department of Justice,* 992 F.2d 1426, 1433 (6th Cir.1993).

The Independent Counsel makes it clear that even if certain portions of the record sought could be disclosed without interfering with his work, the disclosed information would require such editing that it would have at best marginal informational value.

At oral argument, the Court inquired of the parties as to whether the FOIA applied at all to the substantive work of an Independent Counsel appointed under the Ethics in Government Act of 1978, 28 U.S.C. §§ 591–599, as reauthorized by the Independent Counsel Reauthorization Act of 1994, Pub.L. No. 103–270, 108 Stat. 732. By definition until his or her work is completed, an Independent Counsel's activities are ongoing. An Independent Counsel is appointed with a specific task in mind and once the task is completed the Independent Counsel is to "close up shop." At that point, all the records gathered during the Independent Counsel's term of office are required to be turned over to the Archivist and at that time would be subject to FOIA requests.[2]

This is obviously the way the law should work. Unfortunately our statute makers did not foresee this problem and the Independent Counsel was not provided with a particularized exemption from the FOIA.

By not having a blanket exemption, Independent Counsels must spend their precious resources complying with every FOIA request they receive. While the FOIA gives generous exemptive powers for law enforcement activities, the processing of requests still takes time and requires the diversion of resources for a clearly unproductive task. When the legislation is again looked at by Congress, this is an area to which it should give attention. In the meantime, it is up to the Courts to make it clear that FOIA requests for access to an Independent Counsel's records will only be granted under extremely. compelling circumstances. No such compelling circumstances exist in this case.[3]

## CONCLUSION

The Independent Counsel's Motion is granted and the case is dismissed.

## ORDER

This matter comes before the Court on Independent Counsel's motion for summary judgment. For the reasons stated in the

---

**2.** "Upon termination of the office of an independent counsel, that ⁴independent counsel shall transfer to the Archivist of the United States all records which have been created or received by that office." 28 U.S.C. § 594(k)(1).

**3.** Obviously any such exemption should apply only to a Special Counsel's substantive work. Information pertaining to budget and other non-investigative matters should still be required to bear the burden of FOIA disclosure.

Court's Memorandum Opinion of this date, it is hereby

**ORDERED** that Independent Counsel's motion for summary judgment be **GRANTED.** It is further

**ORDERED** that Plaintiffs' complaint be **DISMISSED.**